Steven M. Selna (CA 133409)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile:  628.221.5828
sselna@beneschlaw.com

Attorney for Defendant
U-Haul International, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARNETT, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U-HAUL INTERNATIONAL, INC., a Nevada corporation; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:25-cv-09893<br><br>**NOTICE OF REMOVAL**<br><br>[Los Angeles County Superior Court Case No. 25STCV27089]<br><br>Complaint Filed:    September 15, 2025<br>Complaint Served:   September 17, 2025<br>Removal Filed:      October 16, 2025 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:**

**PLEASE TAKE NOTICE** that Defendant U-Haul International, Inc. ("UHI"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action ("Action") from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

## I.   INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, and because it is a proposed class action in which the putative class consists of at least 100 members, there is minimal diversity, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. As set forth below, jurisdiction within the Central District is proper on the grounds herein described, and the Action is timely and properly removed upon the filing of this Notice.

## II.   BACKGROUND

3. On September 15, 2025, Plaintiff Christopher Barnett ("Plaintiff"), purportedly on behalf of himself and all others similarly situated, filed a civil action in the Superior Court of California, County of Los Angeles, entitled *Christopher Barnett v. U-Haul International, Inc.*, Case No. 25STCV27089 (the "Complaint"). A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

4. Service was effectuated upon UHI on September 17, 2025. A true and correct copy of the Service of Process Transmittal Summary is attached hereto as Exhibit B. True and correct copies of all documents from the Action received by UHI are attached hereto as Exhibit C.

5. This Notice of Removal is timely because it was filed within thirty days of the date on which service was effectuated—September 17, 2025. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding

the thirty-day removal deadline is triggered by actual service of the complaint); *Williams v. Am. Airlines, Inc.*, 846 F. App'x 560, 560 (9th Cir. 2021) (quoting *Murphy Bros.*).

6. The Complaint, styled as a class action, purports to bring six causes of action, for: (1) violation of California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, *et seq.*); (2) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (3) violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) ("FAL"); (4) intentional misrepresentation (fraud); (5) negligent misrepresentation; and (6) quasi-contract. Plaintiff alleges that UHI deceives consumers and gains an unfair advantage against competitors by charging a "hidden environmental fee" at the end of the checkout process for certain purchases. (Compl. ¶ 3.)

7. Plaintiff claims that when he completed his transactions with UHI he "did not know that the 'environmental fee' was unlawful because of its misleading labeling" and that he was "duped" by UHI's "failure to include the 'environmental fee' in its advertised prices." (*Id.* ¶¶ 25-26.)

8. Plaintiff purports to bring this action on behalf of a putative class of consumers who "purchased goods or services from U-Haul and were charged any fees (excluding mandatory taxes) that were not included in the advertised price." (Compl. ¶ 33.)

9. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which UHI expressly denies—or a waiver of any of UHI's rights or defenses. UHI reserves the right to supplement and amend this Notice of Removal.

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

10. Under CAFA, codified in part at 28 U.S.C. § 1332 and 1453, a federal district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." *See* 28 U.S.C. § 1332(d)(2), (5). Because this Action meets each of CAFA's requirements, it may

be removed to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

11. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

12. Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart Cherokee*, 574 U.S. 81 at 554.

13. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

14. In *Bridewell-Sledge v. Blue Cross*, the Ninth Circuit held that under *Dart Cherokee*, a district court errs "in its remand orders [if it applies] a 'strong presumption against removal jurisdiction.'" *Bridewell-Sledge*, 798 F.3d 923, 929 (9th Cir. 2015).

**IV.  THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

  **A.  Minimum Diversity Exists**

15. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2). "[T]he term 'classmembers' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

16. For purposes of diversity jurisdiction under CAFA, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

17. At the time Plaintiff commenced this Action, UHI was a Nevada corporation with its principal place of business located in Arizona. (Compl. ¶ 9.)

18. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Grossman v. FCA US LLC*, No. CV 17-2048 DMG (JPRx), 2017 WL 10581093, *2-3 (C.D. Cal., May 25, 2017) (for removal purposes, alleging citizenship of plaintiff based on plaintiff's state of residence is sufficient).

19. Here, the Complaint alleges that Plaintiff was a resident of California at the time of the commencement of this Action. (Compl. ¶ 7.) Moreover, Plaintiff purports to represent California consumers. (*Id*. ¶ 33.)

20. Accordingly, CAFA's diversity requirement is satisfied because Plaintiff and putative class members are citizens of California, while UHI is a citizen of Nevada and Arizona.

B. **The Number of Putative Class Members Exceeds 100**

21. UHI denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and does not waive any defense with respect to any of Plaintiff's claims.

22. According to the Complaint, "Plaintiff is just one of thousands of consumers who were charged an unlawful hidden fee by U-Haul" and "the size of the Class exceeds two hundred thousand (200,000) individuals." (Compl. ¶¶ 5, 36.)

23. Thus, by Plaintiff's own admission the size of the putative class well exceeds 100 members.

### C. The Amount in Controversy Exceeds $5 Million

24. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (*quoting Dart Cherokee*).

25. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof, and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id*. at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (*quoting Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); *Schwarzer, Tashima, et al.*, California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice

of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'").

26. UHI again denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and does not waive any defense with respect to any of Plaintiff's claims.

27. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true."). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549–50 (2014) ("the amount-in-controversy allegation of a defendant seeking federal court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court.").

28. Here, Plaintiff seeks damages for violations of California's Honest Pricing Law, SB 478 (Compl. ¶ 57, Prayer (¶ 6)), which include liquidated damages in the amount of $1,000 per violation. *See Townsend v. J.B. Hunt Transp. Servs. Inc.*, No. 23-55044, 2023 WL 2301438 (9th Cir. Mar. 1, 2023) (holding that the amount-in-controversy threshold in CAFA actions can be satisfied when considering the maximum available statutory damages). Thus, accepting Plaintiffs' allegations as true, the amount of potential damages alone would satisfy the $5,000,000 amount in controversy requirement under CAFA (200,000 people x $1,000 per violation = 200,000,000).

29. Furthermore, Plaintiff does not only pursue compensatory damages, but also seeks restitution, disgorgement, treble damages, exemplary damages, punitive damages, and attorneys' fees. (Compl. at Prayer (¶¶ 1-11); *see also* Compl. ¶ 57.) These amounts increase the amount in controversy even further above $5 million. *See, e.g., Fritsch v.*

*Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) (If the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, thus, future attorneys' fees should be included in the amount in controversy for purposes of CAFA.).

30.  Additionally, given Plaintiff's core theory that the allegedly unlawful fee is a deceptive practice that he seeks to enjoin (Compl. ¶¶ 56, 65, 74, Prayer (¶ 5)), future sales (and, in particular, profits from the fees in issue), further increase the amount in controversy. Certainly, when a "plaintiff seeks injunctive relief; the pecuniary value of such relief is included in the amount in controversy." *Martinez v. Epic Games, Inc.*, No. CV1910878CJCPJWX, 2020 WL 1164951, at *3 (C.D. Cal. Mar. 10, 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include damages ... and the cost of complying with an injunction") (internal quotation omitted)).

## V.   PROCEDURAL COMPLIANCE

### A.   This Court is the Proper Venue

31.  Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Los Angeles Superior Court of the State of California is located within the Central District of California.

### B.   Defendant's Removal Complies With Statutory Requirements

32.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon UHI are attached as <u>Exhibits A-C</u>.

33.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of Los Angeles. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

34.  This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11, as required by 28 U.S.C. § 1446(a).

35. UHI is filing, contemporaneously herewith, a corporate Disclosure Statement and Notice of Interested Parties in compliance with Fed.R.Civ.P. 7.1 and Civil L.R. 7.1-1.

36. No admission of fact, law, or liability is intended by this Notice of Removal, and UHI expressly preserves any and all of its defenses..

37. UHI requests that this Court take jurisdiction of the Action to its conclusion and to final judgment to the exclusion of further proceedings on the claims asserted therein in the state court, in accordance with the law.

## VI. CONCLUSION

U-Haul International, Inc. respectfully submits that the above case now pending in the Los Angeles Superior Court of the State of California be removed therefrom to this Honorable Court.

Dated: October 16, 2025                     Respectfully submitted,


*s/ Steven M. Selna*
STEVEN M. SELNA (CA 133409)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorney for Defendant
U-Haul International, Inc.