# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U-HAUL INTERNATIONAL, INC., a Nevada corporation; and Does 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER BARNETT, as an individual and on behalf of all others similarly situated

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/15/2025 1:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

25STCV27089

</td></tr>
</table>

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Day, 129 W. Wilson Street, Suite 105, Costa Mesa, California 92627; Tel (949) 650-2827

<table>
<tr><td>

DATE: 09/15/2025
*(Fecha)*

</td><td>Clerk, by
*(Secretario)*  J. Covarrubias</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*
   Does 1 through 20, inclusive
3. ☒ on behalf of *(specify):* U-HAUL INTERNATIONAL, INC., a Nevada corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

</td></tr>
</table>

Page 1 of 1

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

**DAY BRYNE & MCINTOSH**
Jack Day (SBN 324516)
jack@dbm.law
Calvin Bryne (SBN 322272)
calvin@dbm.law
129 W. Wilson Street, Suite 105
Costa Mesa, CA 92627
Tel.: (949) 650-2827
Fax: (949) 722-1137

*Attorneys for Plaintiff*
*Christopher Barnett*

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/15/2025 1:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

CHRISTOPHER BARNETT, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC., a Nevada corporation; and Does 1 through 20, inclusive,

Defendants.

Case No.: 25STCV27089

**CLASS ACTION COMPLAINT FOR:**

1. **Violation of the California Consumer Legal Remedies Act (Civ. Code §§ 1750 *et seq.*)**
2. **Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)**
3. **False Advertising (Bus. & Prof. Code §§ 17500)**
4. **Intentional Misrepresentation (Fraud)**
5. **Negligent Misrepresentation**
6. **Quasi-Contract**

**DEMAND FOR JURY TRIAL**

**UNLIMITED CIVIL CASE**

Plaintiff CHRISTOPHER BARNETT ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint against Defendants U-HAUL INTERNATIONAL, INC., a Nevada corporation; and Does 1 through 20, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## **INTRODUCTION**

1.      Price transparency is critical for the protection of California's consumers. Yet, in recent years, this fundamental principle has been eroded by businesses using artificially low headline prices to attract consumers only to later disclose additional hidden fees. Recognizing this issue, California enacted Senate Bill 478, known as the "Honest Pricing Law," which amended the California Consumer Legal Remedies Act to prohibit businesses from advertising prices that do not include all required fees or charges that a consumer will actually pay. Put simply, the law ensures that the price you see is the price you pay.

2.      U-Haul International, Inc. ("U-Haul") is a renowned moving and storage company. U-Haul advertises goods and services, including trucks and trailers, that consumers can rent via U-Haul's website or from one of U-Haul's many physical locations. Despite the widely-publicized enactment of the Honest Pricing Law, which came into effect on July 1, 2024, U-Haul has opted to ignore the new law and continue to dupe consumers into paying unlawful hidden fees. Specifically, U-Haul advertises its goods and services using artificially low prices that do not include U-Haul's hidden "environmental fee." That fee is only added to a consumer's total at the end of the transaction, when the consumer reaches the checkout stage. U-Haul's practice constitutes a clear example of "drip pricing"—a predatory pricing scheme that is unlawful in California.

3.      U-Haul's drip pricing scheme is particularly egregious for two reasons. First, U-Haul deceptively labels the fee as an "environmental fee"—a label that would lead a reasonable consumer to believe (incorrectly) that the fee is a lawful, legitimate charge. Second, the fee is only displayed after a consumer has clicked through approximately 10 pages and reached the end of the checkout process. Thus, by the time that U-Haul reveals the unlawful fee, the consumer has already decided to rent the U-Haul product and has expended a significant amount of time

1

selecting and finalizing their specifications. U-Haul's drip pricing practice frustrates comparison shopping, impedes competition, and causes consumers to pay more for truck and trailer rentals than they otherwise would have.

4.    Plaintiff was one such unsuspecting customer who was charged a $1.00 "environmental fee" on two separate occasions for truck rentals that were advertised at a price of $29.95. The advertised price that Mr. Barnett saw did not include the $1.00 "environmental fee" that was only added at the end of the checkout process. In other words, U-Haul did not display the true price until Mr. Barnett reached the end of the transaction process.

5.    Plaintiff is just one of thousands of consumers who were charged an unlawful hidden fee by U-Haul. He brings this action on behalf of himself and all other similarly situated consumers who have incurred damages as a result of U-Haul's violations of California's Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law. Plaintiff brings further causes of action for negligent misrepresentation, intentional misrepresentation/fraud, and quasi-contract/restitution.

6.    Plaintiff seeks an order compelling U-Haul to (a) refrain from advertising U-Haul goods and services in California using pricing that is not inclusive of all fees, (b) disgorge all monies wrongfully obtained by U-Haul, (c) pay restitution damages and punitive damages, as allowed by law, and (d) pay reasonable attorney fees and costs.

## PARTIES

7.    Plaintiff Christopher Barnett is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident.

8.    The proposed class includes consumers who, subsequent to July 1, 2024 and while in the State of California, purchased goods or services from U-Haul and were charged any fees (excluding mandatory taxes) that were not included in the advertised price.

9.    Defendant U-Haul International, Inc. is a Nevada corporation. On information and belief, U-Haul's principal place of business is located at 2727 N. Central Ave, Phoenix, AZ 85004. U-Haul is a moving and storage company that advertises goods and services, including trucks and trailers, that consumers can rent throughout California.

10.     Plaintiff does not know the names of Defendants Does 1-10 and sues them by fictitious names under Civ. Proc. Code § 474.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Defendants. Defendants do business in California. Defendants advertise goods and services in California and provide a service to California's consumers. Due to Defendants' actions, U-Haul has marketed and sold goods and services to consumers in California. As a result, California consumers have been harmed by Defendants.

12.     Plaintiff's claims arise out of Defendants' contacts with this forum. Specifically, Plaintiff purchased a rental truck in this forum.

13.     Venue is proper in this Court because Defendants advertise throughout California, including in Los Angeles County, and the U-Haul locations that Plaintiff picked up the trucks from are located in Los Angeles County.

## GENERAL FACTUAL ALLEGATIONS

**California's Honest Pricing Law.**

14.     California's Honest Pricing Law was signed into law on October 7, 2023, and came into effect on July 1, 2024.

15.     The law makes it illegal for businesses to advertise or list a price for a good or service that does not include all required fees or charges other than certain government taxes and shipping costs.

16.     Per the guidance issued by the Office of the Attorney General on May 8, 2024, the purpose of the law is to prohibit businesses from advertising or listing a price that is less than what a customer will be eventually charged for that good or service. *See* **Exhibit A.** This allows businesses to compete fairly on price and allows consumers to make accurate price comparisons.

17.     The Honest Pricing Law does not determine or change what a business can charge for a good or service or even what may be included in that cost; a business can generally charge however much it wants and then provide a breakdown of the various fees that are included in its listed or advertised price. *Id.* But the law does require that the listed price include the *full amount*

3

CLASS ACTION COMPLAINT

1  (excluding Government taxes) that a customer must pay for that good or service. *Id.*

2      18.    A business is in violation of the Honest Pricing Law when, prior to the consumer

3  finalizing the transaction, the business charges additional required fees that were not included in

4  the listed price. *Id.* Similarly, a business is in violation of the law when it lists a price and

5  separately states that either an additional fee or additional percentage will be added later. *Id.*

6      19.    Notably, a business is in violation of this law even when it discloses additional

7  required fees before a consumer finalizes a transaction—in other words, the practice of drip

8  pricing is unlawful. *Id.* at 2. The price listed or advertised must be the full price that the consumer

9  is required to pay. *Id.*

10     20.    Finally, a business cannot exclude from the advertised or listed price mandatory

11  charges that will be used to pay business costs, such as security, rent, salary, healthcare, or any

12  other benefits to employees. *Id.* at 3.

13     21.    Since the enactment of the law, the vast majority of businesses now include all

14  fees or charges (excluding Government taxes) in the advertised price.

15  **U-Haul's violation of the Honest Pricing Law.**

16     22.    U-Haul advertises prices for its products in various places, including but not

17  limited to its vehicles and its website, located at https://www.uhaul.com. By way of an example,

18  U-Haul advertises prices for its rental trucks ranging from $19.95 to $49.95. However, the

19  displayed prices for U-Haul's products, including rental trucks, do not include U-Haul's hidden

20  "environmental fee" that consumers are required to pay to complete a transaction.

21     23.    U-Haul is in violation of the Honest Pricing Law because the displayed price for

22  goods and services must be the full price that a consumer is required to pay (excluding mandatory

23  taxes). U-Haul's "drip pricing" practice of excluding its "environmental fee" from the displayed

24  price is unlawful.

25     24.    As explained above, U-Haul's violation of the Honest Pricing Law is particularly

26  egregious because (1) labeling the fee as an "environmental fee" would lead a reasonable

27  consumer to believe that the fee is a lawful, legitimate charge and (2) the fee is only displayed

28  after a consumer has clicked through approximately 10 pages and reached the end of the checkout

1  process—i.e., after the consumer has expended significant time on the transaction.

2      25.    Mr. Barnett rented trucks from U-Haul on August 3, 2025 and August 5, 2025. On

3  both occasions, Mr. Barnett saw an advertised price of $29.95 for the trucks. However, U-Haul

4  charged Mr. Barnett an additional $1.00 environmental fee that was not included in that advertised

5  price. At the time that Mr. Barnett completed the transactions, he did not know that the

6  "environmental fee" was unlawful because of its misleading labeling.

7          **U-Haul's violation of the Honest Pricing Law misled reasonable consumers.**

8      26.    Customers of U-Haul are misled by U-Haul's deceptive pricing scheme.

9  Consumers are drawn in by U-Haul's artificially low prices that do not include U-Haul's

10  "environmental fee." Reasonable consumers would expect that U-Haul's advertised prices would

11  include all fees and charges (excluding mandatory taxes), particularly in light of the new law.

12  Reasonable consumers would also make purchasing decisions based on the prices that U-Haul

13  displays. In other words, consumers make price comparisons based on the upfront pricing

14  displayed by companies such as U-Haul.  Customers of U-Haul were therefore duped by U-Haul's

15  failure to include the "environmental fee" in its advertised prices.

16          **U-Haul is aware of its deceptive and misleading practices.**

17      27.    The Honest Pricing Law was signed into law on October 7, 2023, and did not go

18  into effect until July 1, 2024. Thus, U-Haul had nearly nine months to modify their deceptive

19  business practices before the law went into effect.

20      28.    The Honest Pricing Law was widely reported on by mainstream news and media

21  outlets in California, from the time it was signed into law to the time it went into effect.

22      29.    On May 8, 2024, the Office of the Attorney General issued a set of Frequently

23  Asked Questions "[i]n order to help businesses comply with this new law." *See* **Exhibit A.**

24      30.    The FAQs included very clear guidance on what constitutes compliance and

25  noncompliance with the law. *Id.* For example, the FAQs included sections on which businesses

26  need to follow the law, what the new law requires, and what fees a business can or cannot charge

27  under the law. *Id.*

28      31.    As a result of the FAQs, which were issued almost two months before the law

1  came into effect and were well-publicized, U-Haul was on notice of its obligations under the new

2  law. *Id.*

3        32.    Notwithstanding the ample time U-Haul was given to bring its operations into

4  conformity with the law and the clear guidance provided by the State of California, U-Haul chose

5  to persist with their deceptive and unlawful practices and profit from unsuspecting consumers.

6  U-Haul's conduct is ongoing and continues to date.

7                      **CLASS ACTION ALLEGATIONS**

8        33.    **Class Definitions:** Plaintiff brings this action on behalf of himself and all persons

9  who, while in the State of California and within the applicable statute of limitations period,

10  purchased goods or services from U-Haul and were charged any fees (excluding mandatory taxes)

11  that were not included in the advertised price (the "Class").

12        34.    The following people are excluded from the proposed Class: (1) any Judge

13  presiding over this action and the members of their family; (2) Defendants, Defendants'

14  subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their

15  parents have a controlling interest and their current employees, officers and directors; (3) persons

16  who properly execute and file a timely request for exclusion from the class; (4) persons whose

17  claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

18  Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal

19  representatives, successors, and assigns of any such excluded persons.

20        35.    Plaintiff and the Class reserve their right to amend or modify the Class definitions

21  with greater specificity or further division into subclasses or limitation to particular issues as

22  discovery and the orders of this Court warrant.

23        36.    **Numerosity/Ascertainability:** The members of the Class are so numerous that

24  separate joinder of all members would be unfeasible and not practicable. The membership of the

25  Class is unknown to Plaintiff at this time; however, it is estimated that the size of the Class exceeds

26  two hundred thousand (200,000) individuals. The identity of such membership is readily

27  ascertainable via Defendants' sales records and/or the bank statements and receipts of the

28  proposed Class.

CLASS ACTION COMPLAINT

37.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated customers, which predominate over questions affecting only individual members including, without limitation to:

i.      Whether U-Haul included hidden fees in the sale of goods or services;

ii.     Whether U-Haul complied with the Honest Pricing Law;

iii.    Whether U-Haul complied with California's Unfair Competition Law;

iv.     Whether U-Haul complied with California's False Advertising Law;

v.      Whether U-Haul's price listings constituted intentional and/or negligent misrepresentations;

vi.     Whether U-Haul was unjustly enriched as a result of its pricing practices;

vii.    Damages due to reasonably compensate Plaintiff and the proposed Class.

38.     **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from U-Haul's policies and/or practices applicable to each individual Class member. As such, the common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages

39.     **Typicality:** Plaintiff's claims are typical of the claims of the Class. Like the proposed Class, Plaintiff purchased goods or services from U-Haul and incurred hidden fees as a result. There are no conflicts of interest between Plaintiff and the class.

40.     **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Class and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Class.

41.     **Superiority:** A class action is superior to all other available methods for the fair

1  and efficient adjudication of this litigation. Due to the nature of the trade and commerce involved,

2  Plaintiff believes the total number of Class members is in the hundreds of thousands. It would be

3  unduly burdensome to have individual litigation of such numerous individual claims in separate

4  lawsuits, everyone one of which would present the issues presented in this lawsuit. Further, the

5  prosecution of separate actions by the individual Class members, even if possible, would create a

6  substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual

7  Class members against Defendants herein; and which would establish potentially incompatible

8  standards of conduct for Defendants; and/or legal determinations with respect to individual class

9  members which would, as a practical matter, be dispositive of the interest of the other class

10  members not parties to adjudications or which would substantially impair or impede the ability

11  of the class members to protect their interests. Further, the claims of the individual members of

12  the Class are not sufficiently large to warrant vigorous individual prosecution considering all of

13  the concomitant costs and expenses attending thereto. As such, the Class identified herein is

14  maintainable under Section 382 of the Code of Civil Procedure.

15  **FIRST CAUSE OF ACTION**

16  **Violation of the California Consumer Legal Remedies Act**

17  **Civ. Code §§ 1750 *et seq.***

18  **(By Plaintiff and Class against all Defendants)**

19  42.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

20  43.    Plaintiff brings this cause of action on behalf of himself and members of the Class.

21  44.    Plaintiff and Class members are "consumers" under Cal. Civ. Code § 1761(d).

22  45.    Each sale by U-Haul was a "transaction" under Cal. Civ. Code § 1761(e).

23  46.    U-Haul sells/rents "goods" or "services" under Cal. Civ. Code §§ 1761(a) and

24  1761(b).

25  47.    Venue is proper under Cal. Civil Code § 1780(d) because U-Haul does business

26  in this county and Plaintiff made his purchases in this county. Plaintiff's declaration establishing

27  that this Court is a proper venue for this action is attached hereto as **Exhibit B.**

28  48.    U-Haul has violated California Civil Code section 1770(a)(29), also known as the

1   Honest Pricing Law.

2       49.    As alleged more fully above, U-Haul advertised prices that did not reflect the entire

3   price that Plaintiff and other Class members were required to pay (excluding exempt mandatory

4   taxes).

5       50.    Plaintiff and other Class members reasonably relied on U-Haul's advertised prices.

6   Specifically, Plaintiff and other Class members reasonably believed that the advertised prices for

7   U-Haul's goods and services, including truck rentals, included all required fees or charges

8   (excluding exempt mandatory taxes).

9       51.    Plaintiff and other Class members purchased from U-Haul in substantial part due

10  to U-Haul's price misrepresentations. Specifically, Plaintiff and other Class members made

11  purchasing decisions based on the false prices displayed by U-Haul.

12      52.    Class-wide reliance can be inferred because U-Haul's misrepresentations were

13  material, *i.e.*, a reasonable consumer would consider the price of goods and services important in

14  deciding whether to purchase said goods or services.

15      53.    U-Haul's price misrepresentations were a substantial factor and proximate cause

16  in the resulting damages and losses to Plaintiff and other Class members.

17      54.    Plaintiff and each Class member suffered injury amounting to no less than the

18  hidden fees that U-Haul unlawfully failed to display in the advertised price of U-Haul's goods

19  and services.

20      55.    Plaintiff and Class members were injured as a direct and proximate result of U-

21  Haul's conduct.

22      56.    U-Haul's pricing practices should be enjoined due to their misleading and

23  deceptive nature. Without injunctive relief, U-Haul will continue to attach unlawful hidden fees

24  to U-Haul's goods and services. Plaintiff seeks public injunctive relief, under the CLRA, to

25  protect the general public from U-Haul's predatory pricing practices.

26      57.    In accordance with California Civil Code § 1782(a), on August 11, 2025, Plaintiff

27  served U-Haul with notice of U-Haul's CLRA violations by certified mail, return receipt

28  requested. Plaintiff's letter was confirmed delivered on August 14, 2025. However, U-Haul failed

1   to provide appropriate relief for their CLRA violations within 30 days of receipt Plaintiff's

2   notification letter. Specifically, U-Haul did not offer any relief to Mr. Barnett or any other

3   consumer. Additionally, U-Haul continues to charge consumers an unlawful hidden fee. Thus,

4   Plaintiff brings this action on behalf of other consumers similarly situated and seeks

5   compensatory and exemplary damages, as well as attorney fees, as permitted by California Civil

6   Code §§ 1780 and 1782(b).

7   **SECOND CAUSE OF ACTION**

8   **Violations of the Unfair Competition Law**

9   **Cal. Bus. & Prof. Code §§ 17200 *et seq.***

10   **(By Plaintiff and Class against all Defendants)**

11       58.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

12       59.    Plaintiff brings this cause of action on behalf of himself and members of the Class.

13       60.    California's Unfair Competition Law, Business and Professions Code §§ 17200 *et*

14   *seq.* (the "UCL") prohibits any "unfair, deceptive, untrue or misleading advertising." For the

15   reasons discussed above, U-Haul has engaged in unfair, deceptive, untrue and misleading

16   advertising, and continues to engage in such business conduct, in violation of the UCL.

17       61.    The UCL proscribes acts of unfair competition, including "any unlawful, unfair

18   or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

19   Cal. Bus. & Prof. Code § 17200.

20   **Fraudulent**

21       62.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or

22   deceive the public, applying an objective reasonable consumer test.

23       63.    As set forth herein, U-Haul's advertisements misled reasonable consumers to

24   believe that goods and services advertised by U-Haul, including rental trucks, were sold for a

25   price lower than the actual price charged by U-Haul.

26       64.    U-Haul's conduct caused and continues to cause substantial injury to Plaintiff and

27   the other Class members. Plaintiff has suffered injury in fact as a result of U-Haul's unfair

28   conduct. Specifically, Plaintiff paid an unlawful $1.00 "environmental fee" on two separate

10
CLASS ACTION COMPLAINT

1  occasions that was not displayed in the advertised price.

2  65.    U-Haul has thus engaged in unlawful, unfair and fraudulent business acts and

3  practices and false advertising, entitling Plaintiff and the Class to public injunctive relief against

4  U-Haul, as set forth in the Prayer for Relief.

5  66.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek

6  an order requiring U-Haul to immediately cease such acts of unlawful, unfair and fraudulent

7  business practices.

8  67.    Plaintiff also seeks an order for the disgorgement and restitution of profits received

9  from U-Haul's sale of goods and services, which were unjustly acquired through acts of

10  unlawful, unfair, and/or fraudulent competition, as well as attorneys' fees and costs.

11  **Unlawful**

12  68.    The acts alleged herein are "unlawful" under the UCL insofar as they give rise to

13  the claims asserted in this Complaint. Specifically, U-Haul violated California's Honest Pricing

14  Law by engaging in drip pricing practices.

15  69.    Plaintiff and the Class reserve the right to allege other violations of law, which

16  constitute other unlawful business acts or practices.

17  **Unfair**

18  70.    U-Haul's acts, omissions, misrepresentations, practices and nondisclosures as

19  alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL

20  in that its conduct is substantially injurious to consumers, offends public policy, and is immoral,

21  unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged

22  benefits attributable to such conduct. In the alternative, U-Haul's business conduct as described

23  herein violates relevant laws designed to protect consumers and business from unfair competition

24  in the marketplace.

25  71.    U-Haul's conduct with respect to the advertising and sale of goods and services is

26  also unfair because it violates public policy as declared statutory and regulatory provisions,

27  including but not limited to the Consumers Legal Remedies Act and the False Advertising Law.

28  72.    U-Haul's conduct with respect to the pricing, advertising, sale of goods and

11

CLASS ACTION COMPLAINT

services was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

73.    U-Haul profited from the sale of falsely, deceptively, and unlawfully advertised goods and services to unknowing consumers.

74.    Plaintiff and Class Members are likely to continue to be damaged by U-Haul's deceptive trade practices. Thus, public injunctive relief enjoining U-Haul's deceptive practices is proper.

75.    There were reasonably available alternatives to further U-Haul's legitimate business interests, other than the deceptive conduct described herein.

76.    Plaintiff and other Class members made purchasing decisions based on the upfront prices displayed by U-Haul. Plaintiff and other Class members reasonably expected that the displayed prices for U-Haul goods and services included all required fees or charges (excluding exempt mandatory taxes).

77.    Class-wide reliance can be inferred because U-Haul's misrepresentations were material, *i.e.*, a reasonable consumer would consider the price of goods and services important in deciding whether to purchase said goods or services.

78.    U-Haul's misrepresentations were a substantial factor and proximate cause in the resulting damages and losses to Plaintiff and Class members. Plaintiff and Class members suffered tangible economic harm as a result of U-Haul's misrepresentations.

79.    Plaintiff and each Class member suffered injury amounting to no less than the hidden fees that U-Haul unlawfully failed to display in the advertised price of goods and services.

80.    Plaintiff and Class members were injured as a direct and proximate result of U-Haul's conduct.

///

///

///

///

///

## THIRD CAUSE OF ACTION

### Violation of California's False Advertising Law

### Bus. & Prof. Code §§ 17500

### (By Plaintiff and Class against all Defendants)

81.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

82.     Plaintiff brings this cause of action on behalf of himself and members of the Class.

83.     U-Haul has violated section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and Class members.

84.     As alleged more fully above, U-Haul advertised prices for goods and services, including rental trucks, that did not reflect the actual prices that Plaintiff and Class members were required to pay. In other words, the prices advertised by U-Haul were not the actual prices that U-Haul charged to complete the transaction. Accordingly, U-Haul's representations about U-Haul's prices were untrue and misleading.

85.     U-Haul's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing rental trucks from U-Haul. U-Haul's misrepresentations were a substantial factor in Plaintiff's purchase decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on the prices displayed by U-Haul.

86.     Class-wide reliance can be inferred because U-Haul's misrepresentations were material, i.e., a reasonable consumer would consider the price of goods and services important in deciding whether to purchase said goods or services.

87.     U-Haul's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

88.     Plaintiff and each Class member suffered injury amounting to no less than the hidden fees that U-Haul unlawfully failed to display in the advertised price of goods and services.

89.     Plaintiff and Class members were injured as a direct and proximate result of U-Haul's conduct.

///

13

1

## FOURTH CAUSE OF ACTION

2

### Intentional Misrepresentation (Fraud)

3

### (By Plaintiff and Class against all Defendants)

4      90.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

5      91.    Plaintiff brings this cause of action on behalf of himself and members of the Class.

6      92.    As alleged more fully above, U-Haul made false representations and material

7    omissions of fact to Plaintiff and Class members concerning the price of U-Haul's goods and

8    services, including rental trucks.

9      93.    Those representations were false because the advertised price did not constitute

10    the full price (excluding Government taxes) that a consumer was required to pay to complete the

11    purchase.

12      94.    When U-Haul made the misrepresentations, they knew that they were false at the

13    time that they made them and/or acted recklessly in making the misrepresentations. Specifically,

14    they knew that the advertised price was not the full price that a consumer would have to pay to

15    complete the transaction.

16      95.    U-Haul's conduct is particularly egregious because (1) labeling the hidden fee as

17    an "environmental fee" would lead a reasonable consumer to believe that the fee is a lawful,

18    legitimate charge and (2) the fee is only displayed after a consumer has clicked through

19    approximately 10 pages and reached the end of the checkout process—i.e., after the consumer has

20    expended significant time on the transaction

21      96.    U-Haul intended that Plaintiff and Class members rely on these representations

22    and Plaintiff and Class members read and reasonably relied on them. In other words, U-Haul

23    intended to attract consumers by listing lower prices than a consumer would actually have to pay.

24    U-Haul engaged in this deceptive pricing practice to increase its profits. This is particularly true

25    considering the relatively small amount of the fee compared to the rest of the transaction. U-Haul

26    relied on consumers' anticipated unwillingness to restart the transaction having already clicked

27    through numerous pages and expended time on the transaction. By engaging in the deceptive and

28    unlawful conduct at scale, U-Haul maximizes its profits at the expense of consumers.

97.    Plaintiff saw, read, and reasonably relied on advertised price of rental trucks when purchasing rental trucks from U-Haul.

98.    U-Haul's misrepresentations were a substantial factor in Plaintiff's purchase decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on the prices displayed by U-Haul. In addition, Class-wide reliance can be inferred because U-Haul's misrepresentations were material, i.e., a reasonable consumer would consider the price of goods and services important in deciding whether to purchase said goods or services.

99.    U-Haul's misrepresentations were a substantial factor and proximate cause in the resulting damages and losses to Plaintiff and Class members.

100.    Plaintiff and each Class member suffered injury amounting to no less than the hidden fees that U-Haul unlawfully failed to display in the advertised price of U-Haul's goods and services.

101.    Plaintiff and Class members were injured as a direct and proximate result of U-Haul's conduct.

### FIFTH CAUSE OF ACTION

#### Negligent Misrepresentation

#### (By Plaintiff and Class against all Defendants)

102.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

103.    Plaintiff brings this cause of action on behalf of himself and members of the Class.

104.    As alleged more fully above, U-Haul made false representations and material omissions of fact to Plaintiff and Class members concerning the price of U-Haul's goods and services.

105.    U-Haul's representations were false because the advertised price did not constitute the full price (excluding Government taxes) that a consumer was required to pay to complete the purchase.

106.    When U-Haul made the misrepresentations, they knew or should have known that they were false. U-Haul had no reasonable grounds for believing that these representations were true when made. Specifically, U-Haul knew or should have known that the advertised price was

1    not the full price that a consumer would have to pay to complete the transaction.

2       107.   U-Haul intended that Plaintiff and Class members rely on these representations

3    and Plaintiff and Class members read and reasonably relied on them. In other words, U-Haul

4    intended to attract consumers by listing lower prices than a consumer would actually have to pay.

5    Defendants engaged in this deceptive pricing practice to increase its profits.

6       108.   Plaintiff saw, read, and reasonably relied on the statements when purchasing rental

7    trucks from U-Haul.

8       109.   U-Haul's misrepresentations were a substantial factor in Plaintiff's purchase

9    decisions. Specifically, Plaintiff and other Class members made purchasing decisions based on

10   the prices displayed by U-Haul, which did not include U-Haul's "environmental fee."

11      110.   In   addition,   Class-wide   reliance   can   be   inferred   because   U-Haul's

12   misrepresentations were material, i.e., a reasonable consumer would consider the price of goods or

13   services important in deciding whether to purchase said goods or services.

14      111.   U-Haul's misrepresentations were a substantial factor and proximate cause in

15   causing damages and losses to Plaintiff and Class members.

16      112.   Plaintiff and the Class members each suffered injury amounting to no less than the

17   hidden fees that U-Haul unlawfully failed to display in the advertised price of U-Haul's goods

18   and services.

19      113.   Plaintiff and Class members were injured as a direct and proximate result of U-

20   Haul's conduct.

21                          **SIXTH CAUSE OF ACTION**

22                              **Quasi-Contract**

23                **(By Plaintiff and Class against all Defendants)**

24      114.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

25      115.   Plaintiff brings this cause of action on behalf of himself and all members of the

26   Class.

27      116.   U-Haul has been unjustly enriched by improperly charging Plaintiff and Class

28   members unlawful hidden fees.

CLASS ACTION COMPLAINT

117.    U-Haul was directly and unjustly enriched because U-Haul induced customers to purchase goods and services from U-Haul through deceitful pricing and advertising, as described above.

118.    Plaintiff and Class members each suffered injury amounting to no less than the hidden fees that U-Haul unlawfully failed to display in U-Haul's advertised prices.

119.    Plaintiff and Class members were injured as a direct and proximate result of U-Haul's conduct.

120.    Restitution is required in California when a defendant is unjustly enriched at the expense of another. Accordingly, Plaintiff and Class members seek restitution of all amounts that U-Haul improperly charged them.  Plaintiff also seeks prejudgment interest, costs, and attorneys' fees.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against U-Haul, as follows:

1.    For an order certifying the proposed Class;

2.    For an order appointing Plaintiff, Christopher Barnett, as representative of the Class;

3.    For an order appointing counsel for Plaintiff as counsel for the Class;

4.    For a judgement in favor of Plaintiff and the proposed Class;

5.    For an order enjoining U-Haul from advertising U-Haul's goods and services using pricing that is not inclusive of all fees costs;

6.    Damages, treble, damages, and punitive damages where applicable;

7.    Restitution;

8.    Disgorgement, and other just equitable relief;

9.    Pre- and post-judgment interest;

10.    For attorneys' fees and costs as provided by Code of Civil Procedure § 1021.5 and Cal. Civ. Code § 1780; and

11.    For such other and further relief the Court may deem just and proper.

CLASS ACTION COMPLAINT

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: September 15, 2025          Respectfully submitted,

Jack Day

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)

**DAY BRYNE & MCINTOSH**
Jack Day (SBN 324516)
Calvin Bryne (SBN 322272)

*Attorneys for Plaintiff and the Proposed Class*

# Exhibit A

CALIFORNIA DEPARTMENT OF JUSTICE

# SB 478
## FREQUENTLY ASKED QUESTIONS

Beginning July 1, 2024, the "Honest Pricing Law" or "Hidden Fees Statute," SB 478, makes it illegal for businesses to advertise or list a price for a good or service that does not include all required fees or charges other than certain government taxes and shipping costs. SB 478 is a price transparency bill. The statute does not change what price a business can charge or what may be included in that cost. The law simply requires that the price listed include all mandatory charges.

Put simply, ***the price a Californian sees should be the price they pay.***

In order to help businesses comply with this new law, and to offer consumers guidance about what they can expect, the Attorney General's Office is releasing a set of FAQs. The law is found at Section 1770(a)(29) of the California Civil Code.

## What is the purpose of this law?

The law is "intended to specifically prohibit drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service." Advertising or listing a price that is less than what a consumer will eventually be charged is a form of deceptive advertising that also violates existing state and federal law. Truthful price advertising and listing helps businesses compete fairly on price and allows consumers to make accurate price comparisons.

## What does the new law require?

The law requires honest pricing. It prohibits businesses from "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" other than government-imposed taxes or fees or reasonable shipping costs. The text of the law can be found at section 1770(a)(29) of the California Civil Code.

## What can a business exclude from the advertised price under this law?

The listed or advertised price does not need to include taxes and/or fees that the government imposes on the transaction, such as sales tax. In addition, the listed or advertised price does not need to include reasonable shipping costs for physical goods.

## Which businesses need to follow this law?

The law applies to the sale or lease of most goods and services that are for a consumer's personal use. For example, it applies to event tickets, short-term rentals, hotels, restaurants, and food delivery, just to name a few prominent industries. The law does not apply to the purchase or lease of goods or services for commercial use, or to certain other specified transactions and industries that are already subject to other laws governing pricing.

## Does the law limit how much a business can charge for a good or service?

No. SB 478 is a transparency law – not a price control law. A business is generally free to charge whatever amount it wants for a good or service, to provide a subsequent breakdown of the various fees or charges that are included in its listed or advertised price, and to tell the consumer about those fees and charges. But the posted price must include all amounts that the consumer will be required to pay.

## Does the new law limit what types of fees a business can charge?

No. A business is generally free to charge however much it wants and can then provide a breakdown of the various fees that are included in its listed or advertised price. But the posted price must include the full amount that a consumer must pay for that good or service.

## Can a business exclude shipping and handling charges from its advertised price?

A business can exclude shipping charges, but not handling charges. In the words of the statute, a business can exclude from its advertised price "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." Like any other mandatory fee or charge, a *handling* charge must be included in the advertised price.

## Do fees for optional services or features need to be included in the advertised price?

No. Fees for optional services or features do not need to be included in the advertised price.

## What about separate fees like late fees for equipment rentals, charges for smoking in a hotel room, or similar charges? Are those prohibited?

The law requires mandatory fees to be included in advertised prices. Fees that are contingent on certain later conduct by a consumer, such as a fee for returning rented equipment after the deadline to do so, or charges for smoking in a non-smoking hotel room, are not mandatory and do not need to be included in the advertised price.

## Can a business comply with this law by disclosing additional required fees before a consumer finalizes a transaction?

No. The price listed to the consumer must be the full price that the consumer is required to pay.

## Can a business comply with this law by advertising a price that is less than what a consumer will actually have to pay, but disclosing that additional fees will be added?

No. The price advertised to the consumer must be the full price that the consumer is required to pay.

## Can a business comply with this law by listing or advertising one price and separately stating that an additional percentage fee will apply?

No. The price listed or advertised to the consumer must be the full price that the consumer is required to pay.

## Can a business comply with this law by advertising the total price for a good or service and separately noting that the total price includes certain fees and charges?

Yes. The price advertised to the consumer must be the full price that the consumer is required to pay. But the law does not limit a merchant's ability to include fees or charges in that total price, or to tell consumers that its prices include those fees or charges.

## Does this law prohibit a business from advertising one price and adding a variable service fee later in the transaction?

Yes. The price listed or advertised to the consumer must be the full price that the consumer is required to pay.

## What if a business doesn't know how much it will charge a customer?

If a business chooses to list a price for a good or service, the advertised price must be the entire amount the consumer will have to pay, not including any fees for optional services or features, taxes, or shipping charges. Businesses that do not know how much they will charge a customer at the beginning of a transaction should wait to display a price until they know how much they will charge. Businesses should be aware that other state and federal laws prohibit certain forms of price discrimination.

## How can a food-delivery platform advertise its delivery price?

Food delivery platforms are subject to special requirements under Business and Professions Code section 22598 et seq. when they list the prices charged by a restaurant from which they deliver food, and this law does not change those requirements. But when the food delivery platform advertises the price of the delivery service that it provides, it must advertise the full, all-in price of the delivery service.

## Are fees associated with delivery of food and other items ordered directly from a restaurant considered to be "mandatory fees or charges," such that those fees would need to be included in the advertised or displayed price of the food and other items?

No, fees for the delivery of food ordered directly from a restaurant do not need to be included in the advertised price of the food or other items ordered because those fees are for the separate service of delivery. The price of delivery must be the full, all-in price of the delivery service.

## Can a business exclude from the advertised or listed price mandatory charges that will be used to pay business costs, such as security, rent, or salary, healthcare insurance or benefits to employees (e.g., "Healthy SF mandate")?

No. The listed or advertised price must include all mandatory charges except for reasonable shipping costs for physical goods and taxes and/or fees that the government imposes on the transaction, such as sales tax. A business is free to provide a subsequent breakdown of the business's intended use of the various fees.

## What about tips or gratuities left voluntarily by customers?

This law does not affect tips or gratuities left by customers, since they are not mandatory. These voluntary payments to workers are governed by other laws, including Labor Code section 350. For more information see this FAQ from the California Labor Commissioner.

## What about mandatory fees charged by restaurants?

If a restaurant charges a mandatory fee, it must be included in the displayed price. Under the law, a restaurant cannot charge an additional surcharge on top of the price listed. Gratuity payments that are not voluntary must be included in the list price.

## Does DOJ expect that its initial enforcement of this law will focus on existing fees that are paid directly and entirely by a restaurant to its workers, such as an automatic gratuity?

No. There are many factors that we consider when making enforcement decisions, but we do not expect that our initial enforcement efforts will focus on existing fees that are paid directly and entirely by a restaurant to its workers, such as an automatic gratuity. However, businesses may be liable in private actions.

**Does a business that offers discounts or coupons, or charges a customer less than the advertised or listed price, violate this law?**

No. A business that offers discounts or otherwise charges a customer a price that is less than the advertised price has not violated this law. The law just prohibits advertising a price that is *less* than what the customer will have to pay for a good or service.

**Can businesses still advertise discounts – for example, "half price after 4pm"?**

Yes. SB 478 prohibits advertising a price that is less than what a consumer will have to pay for a good or service. Advertisements that mention discounts – but that do not list a price – do not violate the law. However, other California laws prohibit advertising that is false or misleading, so businesses that advertise discounts must do so carefully and honestly.

**Is the resale of goods, such as event tickets, on an online platform subject to the law?**

Yes. SB 478 prohibits advertising a price that is less than what a consumer will have to pay for a good or service. It applies equally to online and brick-and-mortar businesses, as well as to the resale of event tickets and other goods and services.

**Isn't it helpful for a business to inform consumers about the components of a price, such as by noting why price increases have been implemented?**

Businesses are free to explain how they set their prices or to subsequently itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive.

# Exhibit B

1   **HAINES LAW GROUP, APC**
    Paul K. Haines (SBN 248226)
2   phaines@haineslawgroup.com
    2155 Campus Drive, Suite 180
3   El Segundo, California 90245
    Tel: (424) 292-2350
4   Fax: (424) 292-2355

5   **DAY BRYNE & MCINTOSH**
    Jack Day (SBN 324516)
6   jack@dbm.law
    Calvin Bryne (SBN 322272)
7   calvin@dbm.law
    129 W. Wilson Street, Suite 105
8   Costa Mesa, CA 92627
    Tel.: (949) 650-2827
9   Fax: (949) 722-1137

10   *Attorneys for Plaintiff*
    *Christopher Barnett*

11

12

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14             **FOR THE COUNTY OF LOS ANGELES**

15   CHRISTOPHER BARNETT, as an individual | Case No.:
16   and on behalf of all others similarly situated,

17           Plaintiff, | **DECLARATION OF CHRISTOPHER BARNETT**

18        vs.

19

20   U-HAUL INTERNATIONAL, INC., a Nevada
    corporation; and Does 1 through 20, inclusive,

21

22          Defendants.

23

24

25

26

27

28

                DECLARATION OF CHRISTOPHER BARNETT

1    I, Christopher Barnett, hereby declare and state as follows:

2    1.    I am over the age of 18 and a Plaintiff in this action. The facts contained in this

3 declaration are based on my personal knowledge, and if called upon to do so, I could and would

4 testify competently hereto.

5    2.    The complaint in this action, filed concurrently with this declaration, is filed in the

6 proper place for trial under California Civil Code §1780(d) because this is a county in which

7 Defendants do business. Additionally, the U-Haul locations that I rented the U-Haul trucks from

8 are located in this county, and I made the purchases in this county.

9    I declare under the penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct.

11    Executed on September 15, 2025, in Los Angeles, California.

12

13

14    _____

15    Christopher Barnett, Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DECLARATION OF CHRISTOPHER BARNETT